**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOHYEDINE KASKAS, | No. 09-70669 |
| Petitioner, | Agency No. A088-115-855 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2013[**]
Pasadena, California

Before: TALLMAN, CLIFTON, and CALLAHAN, Circuit Judges.

Mohyedine Kaskas, a native and citizen of Lebanon, petitions for review of

the BIA's decision affirming the Immigration Judge's denial of his applications for

asylum, withholding of removal, and protection under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture. Because there is substantial evidence to support the BIA's decision, we deny the petition. As the parties are familiar with the facts, procedural history, and arguments, we will not recount them here.

The evidence does not compel the conclusion that the harm suffered by Kaskas constituted past persecution. Kaskas did not testify as to severe physical harm, nor did he provide any documentation to corroborate his claims of harm rising to the level of past persecution. An asylum applicant's testimony "may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii). As Kaskas' responses did not satisfy this requirement, the record does not compel this Court to disturb the BIA's finding of no past persecution.

We do not have jurisdiction to review Kaskas' claim of economic persecution because he did not exhaust his remedies by raising the issue of economic persecution before the IJ or the BIA, as required by 8 U.S.C. § 1252(d)(1). Even if we did have jurisdiction, however, Kaskas has not provided evidence that the closure of the bakery more than a year after Kaskas' departure from Lebanon was a direct result of economic persecution. *Cf. Baballah v.*

2

*Ashcroft*, 367 F.3d 1067, 1075-76 (9th Cir. 2004). Without a specific showing of "substantial economic deprivation that constitutes a threat to life or freedom," any harm Kaskas may have suffered or may suffer in the future is most likely "mere economic disadvantage." *See Zehatye v. Gonzales*, 453 F.3d 1182, 1186 (9th Cir. 2006) (holding that, while the government's seizure of petitioner's father's business was "reprehensible," it did not threaten petitioner's life or freedom and did not compel a finding of past persecution).

Additionally, even if the harm to Kaskas had risen to the level of persecution, Kaskas did not show that the harm was on account of a protected ground. Kaskas admitted that he was not a member, affiliate, or financier of a political party, and he failed to establish membership in any particular social group. None of his similarly situated family members who remained in Lebanon had been harmed since his departure. Evidence also suggested that his fears of returning to Lebanon were based on general civil unrest and "chaotic conditions." *See Lolong v. Gonzales*, 484 F.3d 1173, 1179–80 (9th Cir. 2007) (en banc) ("We have consistently held that a general, undifferentiated claim [of violence] does not render an alien eligible for asylum.")

The standard of proof to establish eligibility for withholding of removal is "'a more stringent' standard of proof than is required for asylum," and requires the

applicant to "establish a 'clear probability that he would be persecuted were he to be deported[.]'" *Guo v. Ashcroft*, 361 F.3d 1194, 1202-03 (9th Cir. 2004) (quoting *Navas v. INS,* 217 F.3d 646, 655 (9th Cir. 2000)). "[F]ailure to satisfy the lesser standard of proof required to establish eligibility for asylum necessarily results in a failure to demonstrate eligibility for withholding of [removal] as well." *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995). As there is substantial evidence to support the BIA's determination that Kaskas did not qualify for asylum, we will not disturb the BIA's finding that he also does not qualify for withholding of removal.

Finally, the record does not compel this Court to disturb the BIA's holding that Kaskas failed to show he would more likely than not suffer an "extreme form of cruel and inhuman treatment, by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity," if removed. 8 C.F.R. § 1208.18(a)(1)-(2).

**PETITION DENIED.**